UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-62(DSD/JJK)

United States of America,

       Plaintiff,

v.                                                **ORDER**

Timothy Sewro Boe(2),
Sylvester Richards Gayekpar(3),

       Defendants.

This matter is before the court upon the objections of defendants Timothy Sewro Boe (Boe) and Sylvester Richards Gayekpar (Gayekpar) to Magistrate Judge Jeffrey J. Keyes's August 11, 2010, report and recommendation. The magistrate judge recommends denying the motion to suppress statements, admissions and answers by defendant Benjamin Garduwar Karbedeh (Karbedeh); the motion to suppress electronic surveillance and wiretapping[1] by Boe; the motion for suppression of all statements by Boe; and the motions to

---

[1] The report and recommendation contains a typographical error. References to Boe's motion to suppress evidence obtained as a result of search and seizure, ECF No. 112, should be to Boe's motion to suppress electronic surveillance and wiretapping, ECF No. 113, which is the motion actually addressed by the magistrate judge and the parties. In his July 16, 2010, order, the magistrate judge stated that "it appeared that the parties have reached agreement that Defendant Boe would not be challenging the legality of any search and seizure. The parties shall clarify whether the motion [ECF No. 112] has been withdrawn or rendered moot in the post-hearing briefing ordered herein." Order 24, ECF No. 133. Boe's post-hearing briefing makes no reference to the motion. See ECF No. 140. Therefore, the court denies the motion, ECF No. 112, as moot.

sever by Karbedeh, Boe and Gayekpar. Boe objects to the recommendations to deny his motions to suppress electronic surveillance and wiretapping, and to suppress all statements. Gayekpar objects to the recommendation to deny his motion to sever. The court reviews de novo the portions of the report and recommendation to which defendants object. 28 U.S.C. § 636(b)(1)©; D. Minn. LR 72.2(b).

**I. Motion to Suppress Electronic Surveillance and Wiretapping**

Boe first argues that the evidence obtained through electronic surveillance should be suppressed because the agent who secured the confidential informant's (CI) cooperation and consent did not testify at the suppression hearing. Consent to intercept and record conversations is examined under the totality of the circumstances. United States v. Tangeman, 30 F.3d 950, 952 (8th Cir. 1994). Consent may be express or implied, and there is no requirement that the CI testify to demonstrate consent. See United States v. Corona-Chavez, 328 F.3d 974, 977-79 (8th Cir. 2003).

Here, a special agent of the Secret Service testified that he was present when the wire was placed on the CI. See Tr. 76-78, 81, ECF No. 136. Moreover, the record shows that the CI was a reliable informant who had assisted the government on several occasions; that he voluntarily brought the black-money scheme to the attention of law enforcement; that he agreed to cooperate with law enforcement and that he agreed to wear a wire. See id. at 63-64,

2

79-81. Therefore, the totality of the circumstances demonstrates the CI's consent.

Boe also argues that agents may have used promises of leniency or coercive threats to secure the CI's cooperation. The fact that the CI may have received a benefit from cooperating in an investigation, however, does not invalidate his consent. See United States v. Oslund, 453 F.3d 1048, 1056-57 (8th Cir. 2006). Moreover, the record contains no evidence suggesting that the CI was coerced. Therefore, Boe's argument fails, and the court overrules his objection.

**II. Motion to Suppress Statements**

Boe next argues that his refusal to provide a written statement after making inculpatory oral statements demonstrates that he did not understand his rights and the consequences of forgoing them. Police officers must inform an individual of his rights under Miranda v. Arizona, 384 U.S. 436, 444 (1966) before subjecting him to custodial interrogation. See United States v. Torres-Lona, 491 F.3d 750, 757 (8th Cir. 2007). A defendant may voluntarily, knowingly and intelligently waive his Miranda rights. United States v. Gallardo, 495 F.3d 982, 990 (8th Cir. 2007). A waiver is knowing and intelligent if the totality of the circumstances shows that a defendant has "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Id. (internal quotation marks omitted).

Id. Refusal to sign a written statement is insufficient to show that a defendant did not understand that oral statements could be used against him. See United States v. Rohrbach, 813 F.2d 142, 145 (8th Cir. 1987).

Secret Service agents interviewed Boe on February 18, 2010, at which time he signed a Miranda waiver and gave an oral statement. After providing the oral statement, he refused to commit the statement to writing. Boe is a Liberian national who speaks English, made his statements in English, was provided his Miranda rights, and explicitly waived them. See Tr. 13-17, 26-27. The totality of the circumstances shows that his waiver was knowing, intelligent and voluntary. Therefore, Boe's argument fails, and the court overrules his objection.

### III. Motion for Severance

Co-conspirators "will generally be tried together." United States v. O'Meara, 895 F.2d 1216, 1218 (8th Cir. 1990). Rule 14(a) permits a court to sever trials if joinder of the trials would prejudice a defendant. The court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." Zafiro v. United States, 506 U.S. 534, 539 (1993).

Gayekpar argues that severance is warranted because the introduction of post-arrest statements made by his co-defendants may violate his rights under the Confrontation Clause of the Sixth

4

Amendment.  Gayekpar did not provide a statement to law enforcement officers when arrested.  Boe told law enforcement officials that "the person who waits in the car gets approximately three percent of the proceeds." Mot. Hr'g Mem. 2, ECF No. 138.  Karbedeh, in his post-arrest interview, identified Gayekpar as the driver of the vehicle.  Id.  Severance is premature when, as here, it is not known whether the government will introduce the statements at trial, and redaction, limitations on testimony or limiting instructions may be available.  See United States v. Toney, 161 F.R.D. 77, 85 (N.D. Iowa 1995); see also Richardson v. Marsh, 481 U.S. 200, 209 (1987).  Therefore, Gayekpar's argument fails, and the court overrules his objection.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

    1.  Boe's objections [Doc. No. 146] to the report and recommendation are overruled;

    2.  Gayekpar's objection [Doc. No. 145] to the report and recommendation is overruled.

    3.  Boe's motion to suppress evidence obtained as a result of search and seizure [Doc. No. 112] is denied as moot; and

4. The court adopts the report and recommendation [Doc. No. 144] in full, with the typographical correction indicated in this order.

Dated: September 24, 2010

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court